IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| PHILIP GOSS, | ) | |
| | ) | |
| Plaintiff, | ) | CIV. NO.: 10-CV-65 |
| v. | ) | |
| | ) | |
| SUN CONSTRUCTORS, INC., AND EXCEL | ) | |
| GROUP, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION and ORDER**

Finch, Senior Judge

THIS MATTER is before the Court on the motion of defendants Sun Constructors, Inc. ("Sun") and Excel Group, Inc. ("Excel) (collectively "defendants") to compel arbitration of plaintiff Philip Goss' claims pursuant to an arbitration agreement signed by Goss. Plaintiff Goss opposes the motion on the ground that he was fraudulently induced into signing the agreement.

**I.     Background**

Goss, after having worked for various contractors at the HOVENSA refinery in St. Croix, was hired through Excel to work for Sun in August 2009. Goss had previously worked for Sun from January 2009 through March 2009. Following his employment in August 2009, Goss alleges that he was subject to the offensive and racially charged remarks of a supervisor, and that when he complained, he was retaliated against. The retaliation allegedly led to Goss' constructive discharge. Goss filed this instant lawsuit, alleging racial discrimination in violation of 42 U.S.C. § 2000e, 42 U.S.C. § 1981, violations of Virgin Islands laws prohibiting

discrimination (10 V.I.C. §§1-10 and 62), intentional infliction of emotional distress, and wrongful discharge (24 V.I.C. § 76).  In response to Goss' lawsuit, defendants brought this motion to compel arbitration, citing an employment agreement with an arbitration clause signed by Goss on August 10, 2009. ("Agreement") (Def. Ex. 1).  Defendants also cite a dispute resolution agreement ("DRA"), signed by Goss on the same date, that requires arbitration in terms similar or identical to those of the Agreement.  Goss contends that he is not bound to arbitrate his claims against defendants because he was fraudulently induced into signing the Agreement by Sun Human Resources administrator Richard Langner.

II.     **Standard of Review**

The Court is obliged, upon finding that the parties entered into a valid and binding arbitration agreement that covers the issue in dispute, to enter an order of arbitration and stay the proceedings pending the outcome of arbitration. *See Nino v. Jewelry Exchange, Inc.*, 609 F.3d 191, 200 (3d Cir. 2010) (citing 9 U.S.C. §§ 3-4.)  The Court applies the summary judgment standard in deciding whether to grant a motion to compel arbitration. *Kaneff v. Delaware Title Loans, Inc.*, 587 F.3d 616, 620 (3d Cir. 2009).  The moving party must show that there is no genuine issue of material fact regarding the existence of the arbitration agreement. *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009).  Once that burden is satisfied, "the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 252 (3d Cir.1999) (citations omitted). While "the party opposing arbitration is entitled to the benefit of all reasonable doubts and inferences that may arise," *Kirleis*, 560 F.3d at 159, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient" to defeat judgment for the movant. *Anderson v.*

*Liberty Lobby, Inc*. 477 U.S. 242, 252 (1986).

### III.     Discussion

The validity of an arbitration agreement is determined by reference to the relevant state law governing contract formation.  *Parilla v. IAP Worldwide Services, VI, Inc.*, 368 F.3d 269, 276 (3d Cir. 2004).  Such law includes generally applicable contract defenses such as fraud. *Gay v. CreditInform*, 511 F.3d 369, 388 (3d Cir.2007); *see also* Restatement (Second) of Contracts, § 164(1) ("If a party's manifestation of assent is induced by either a fraudulent or a material misrepresentation by the other party upon which the recipient is justified in relying, the contract is voidable by the recipient.").  Under Virgin Islands law, fraudulent inducement requires proof of the following elements: "(1) a misrepresentation of fact, opinion, intention or law; (2) knowledge by the maker of the representation that it was false; (3) ignorance of the falsity by the person to whom it was made; (4) an intention that the representations should be acted upon; and (5) detrimental and justifiable reliance." *Fitz v. Islands Mechanical Contractor, Inc*. 2010 WL 2384585, at *9 (D.V.I. June 9, 2010) (citing *Shillingford v. Hess Oil of the V.I*., 2009 U.S. Dist. LEXIS 53371, at *28-29 (D.V.I. 2009) and Restatement (Second) of Torts, § 525 (1977)).

Goss asserts that when he was filling out paperwork for his employment with Sun in January, 2009, Richard Langner ("Langner") told him that "some of the forms were designed to protect HOVENSA against lawsuits" and "did not mention that the documents also related to claims against Sun." (Pl. Ex. 1, Goss Aff. ¶4.)  When Goss was rehired by Sun in August 2009, he was told that the forms were the same as the ones he had signed during his last job with Sun, leading him to conclude that the Agreement only required arbitration against HOVENSA.  (*Id*. ¶ 6.) Goss contends that based on these "misrepresentations," he was unaware that the forms he

signed required arbitration of any claims he had against Sun. (*Id.*)

The language in the Agreement specifically provides that

Any controversy or claim, by employee or employer,[1] arising out of or relating in any way to this Agreement, to the breach of this Agreement, or to Employee's employment with Employer, or to the suspension or termination of Employee's employment with Employer, or for bodily injury or property damage, including claims against Employer, its shareholders or subsidiary or parent or affiliated companies . . . shall be resolved by arbitration.

(Def. Ex. 1, Hourly Agmt. ¶ 12.)

The Agreement also provides that the employee agrees that "all claims arising from this day forward, that Employee may have against HOVENSA, LLC, or any Contractor at the HOVENSA refinery . . . as intended third-party beneficiaries of this Agreement . . . shall be resolved solely and exclusively by arbitration as provided in this Agreement." (*Id.*) As the defendants point out, Langner's statement that the forms protected HOVENSA against lawsuits was not false, as the Agreement specifically covers HOVENSA as a third-party beneficiary. (Def. Ex. 1, Agreement at 5.)[2]

Goss' allegations also raise the issue of whether Langner, by failing to specifically mention that Sun was a beneficiary of the arbitration agreement, omitted a material fact. The Court recognizes that the "[d]eliberate suppression of a material fact that should be disclosed is equivalent to a material misrepresentation. *Gleason v. Norwest Mortgage, Inc*. 243 F.3d 130, 145 (3d Cir. 2001) (interpreting New Jersey law). *See also Havoco of America, Ltd. v. Sumitomo Corp. of America*, 971 F.2d 1332, 1341 (7th Cir. 1992) (interpreting Illinois law) ("the omission or concealment of a material fact when . . . the person has the opportunity and duty to speak . . .

---

[1] "Employer" is defined as "Sun Constructors, Inc." in the Agreement.
[2] According to the records before the Court, Goss signed a DRA and an hourly employment agreement on January 15, 2009. On August 10, 2009, he again signed another DRA and hourly employee agreement (the Agreement). All of the agreements indicate that HOVENSA is a third-party beneficiary of the arbitration clause and all provide that Goss will arbitrate specified claims against Sun.

amounts to fraudulent misrepresentation"); Restatement (Second) Torts § 551 (a) (providing liability for the nondisclosure of facts inducing another to act in a business transaction when the party knows disclosure is necessary to prevent the "partial or ambiguous statement of facts from being misleading"). However, here there is no evidence that the fact that the Agreement required Goss to arbitrate with Sun was deliberately suppressed, inasmuch as it was in the plain language of the Agreement signed by Goss.[3] Moreover, the Court can find no case law for the proposition that an employer is obligated to spell out the contents of an arbitration agreement when the employee is provided with a copy of the Agreement to review. On the contrary, it was Goss' duty "to ensure he understood the Agreement before signing." *Morales v. Sun Constructors, Inc.*, 541 F.3d 218, 223 (3d Cir. 2008). *See also Towles v. United HealthCare Corp.*, 338 S.C. 29, 39, 524 S.E.2d 839, 845 (S.C. App. 1999) (employee's signature on arbitration agreement prevented claim that she did not receive notice from employer "because the law does not impose a duty to explain a document's contents to an individual when the individual can learn the contents from simply reading the document."). With no duty to orally disclose the contents of the Agreement, Sun cannot be said to have made a material misrepresentation by omitting such information. *See* Rest. 2d Contracts § 551(1) (liability for nondisclosure only where individual is under a duty to the other to exercise reasonable care to disclose the matter in question). Based on the foregoing analysis, the Court concludes that Goss has failed to establish the first two elements of fraudulent inducement: a misrepresentation of fact by Langner and Langner's knowledge that his statement was false.

Goss further asserts that Sun intended that he act upon the "misrepresentation" by forcing him to sign the agreement immediately or forego employment. However, there is no evidence

---

[3] The Court also notes that Goss initialed every page of the Agreement, giving him the opportunity to read and note that he was agreeing to arbitrate claims against Sun.

that Goss was required to immediately sign the Agreement without an opportunity to review the contents. In fact, the Agreement states in all caps that "This is an important legal document" and the DRA that he also signed August 10, 2009 states that "[t]his agreement and the other documents referenced above affect your legal rights. You should familiarize yourself with all rules and procedures before signing this Agreement. You may wish to seek legal advice before signing this agreement." (Def. Reply, Ex. DRA dated 8/10/09.)[4] Consequently, Goss cannot show that Sun intended him to rely on the alleged "misrepresentation" of Langner, nor that he justifiably relied on those statements to mean he was not compelled to arbitrate claims against Sun. As a party to a contract, Goss had a "duty to learn and know the contents" of its terms. *Morales v. Sun Constructors, Inc.*, 541 F.3d at 222 (citing *Hoshaw v. Cosgriff*, 247 F. 22, 26 (8th Cir.1917). An employer's failure to explain the contents of the employment contract containing an arbitration agreement signed by the employee does not exempt the employee from compliance. *Id*. (citing *Booker v. Robert Half Int'l, Inc*., 315 F. Supp. 2d 94, 101 (D.D.C.2004)).

In sum, Goss has failed to provide any evidence that he was fraudulently induced into signing the arbitration agreement. Instead, the Court concludes that his signature on the Agreement manifested his assent to its terms. *See, e.g., Reynolds v. Islands Mechanical Contractors, Inc*., 2010 WL 4683719, at *3 (D.V.I. Nov. 12, 2010) ("[a] signature indicates assent and thus binds the signatory to the contract 'unless he or he or she can show special circumstances relieving him or her of such an obligation.'" (quoting *National Financial Partners Corp. v. Cunning*, 2009 WL 1939818, at *3 (D.V.I. July 7, 2009)). Accordingly, the Court finds that there is a valid and binding arbitration agreement between Goss and Sun. Moreover, the claims asserted by Goss are

---

[4] In Goss' affidavit he states that he was told that he "had to sign each form if [he] wanted a job with Sun at HOVENSA." (Goss Aff. ¶ 3.) However, Goss did not aver that he was prohibited from taking the document home to review it. There is no evidence that the "pressure" he felt to sign the document was exerted by Sun. As explained in the Restatement, "a mental reservation of a party to a bargain does not impair the obligation he purports to undertake." Rest. 2d Contracts § 17 cmt. c.

referable to arbitration pursuant to the terms of the Agreement.[5]

### IV. Conclusion

Having found that a binding arbitration agreement exists between the parties, it is hereby **ORDERED** that this matter be arbitrated and the matter stayed pending the outcome of the arbitration proceedings.

**ENTER**:

Dated: April 28, 2011

> _____/s/_____
> RAYMOND L. FINCH
> SENIOR U.S. DISTRICT JUDGE

---

[5] As noted above, the Agreement provides that "[a]ny controversy or claim, by employee or employer, arising out of or relating in any way to this Agreement, to the breach of this Agreement, or to Employee's employment with Employer, or to the suspension or termination of Employee's employment with Employer" is to be resolved through arbitration. (Def. Ex. 1) Moreover, paragraph 12 of the Agreement specifically provide for arbitration of claims brought under 42 U.S.C. § 1981, 42 U.S.C. § 2000e, along with

> Any provisions of titles 10 and 24 of the Virgin Islands Code, including without limitation claims for wrongful or retaliatory discharge or wrongful or discriminatory treatment under Virgin Islands law, including without limitation the [W]rongful Discharge Act, 24 V.I. Code § 76 . . . [and] tort law, including without limitation claims against Employer or HOVENSA or any Contractor at HOVENSA refinery for . . . infliction of emotional distress . . . .

(Id. ¶ 13.)